UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMERAGH LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES BLOCHO, et al.,<br><br>　　　　　Defendants. | Case No. 5:18-cv-03478-EJD<br><br>**ORDER REMANDING CASE** |

## I. INTRODUCTION

Defendants James Blocho and Neda Blocho removed to this court the instant unlawful detainer action originally filed in Santa Clara County Superior Court by Plaintiff Comeragh LLC. According to the state-court Complaint, Defendants' period of tenancy at property owned by Plaintiff terminated along with James Blocho's employment at the apartment complex. Defendants, however, remain in possession of the premises.

As is its obligation, the court has reviewed this action to determine whether federal jurisdiction exists. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). It does not. Accordingly, this action will be remanded for the reasons explained below.

## II. DISCUSSION

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely

Case No.: 5:18-cv-03478-EJD
ORDER REMANDING CASE

1

from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

It is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendants rely on federal question jurisdiction to support the removal. Removal on the basis of a federal question requires the court to look at the face of a well-pleaded complaint and determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

Here, Plaintiff's Complaint asserts only one cause of action for unlawful detainer, which does not arise under federal law and cannot support federal question jurisdiction. See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1, 2011

Case No.: 5:18-cv-03478-EJD
ORDER REMANDING CASE

2

WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario, No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal. May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS 130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010). That being the case, the court cannot find that a federal question appears on the face of the complaint. Any actual or anticipated cross-claims, counterclaims, or claims that Defendants may assert in a separate lawsuit are irrelevant to this analysis since those claims and arguments are not contained in the original complaint. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).

Nor can federal jurisdiction arise based on the diversity of the parties. The amount in controversy - which is some amount less than $10,000 according to the Complaint - does not exceed $75,000. See PNC Bank, Nat'l Assoc. v. Ahluwalia, No. C-14-05672 DMR, 2015 U.S. Dist. LEXIS 9910, at *3 (N.D. Cal. Jan. 9, 2015) ("In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy, and, pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the 'whole amount of damages claimed' must be 'twenty-five thousand dollars ($25,000) or less.'" (quoting Cal. Civ. Pro. § 86(a)(4))). Furthermore, the pleadings demonstrate that Defendants are locally domiciled, thereby precluding them from removing this case. Spencer v. U.S. Dist. Ct. for N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."); 28 U.S.C. § 1441(b)(2) (stating that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Accordingly, the court concludes that it lacks subject matter jurisdiction over this action and, for that reason, will remand this case to state court.

## III. ORDER

Based on the foregoing, the Clerk shall remand this case to Santa Clara County Superior Court and close the file.

The motion to proceed in forma pauperis (Dkt. No. 2) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: June 14, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03478-EJD
ORDER REMANDING CASE

4